IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARVEY J. HUDSON, #11-24-007     \*
          Petitioner,
    v.       \* CIVIL ACTION NO. AW-06-1559

CITY OF MT. RAINER, MARYLAND,     \*
et al.
          Respondents.     \*
                                      \*\*\*

## MEMORANDUM

Harvey J. Hudson is a U.S. Bureau of Prisons inmate currently housed in at the United States Penitentiary-Allenwood in White Deer, Pennsylvania. In 1987, Hudson was convicted in the Superior Court for the District of Columbia of nine counts of indecent liberties with a minor, six counts of carnal knowledge, one count of sodomy, one count of kidnapping, and one count of obstructing justice. *See United States of America v. Hudson*, 1991 WL 241944 (D. C. Cir. October 31, 1991). Hudson appealed his conviction to the District of Columbia Court of Appeals ("D.C. Court of Appeals") which affirmed the conviction. *Id*. He subsequently mounted a number of federal habeas corpus challenges to his convictions and cumulative 112-year to life sentence in various federal district courts, all of which were dismissed.[1]

On June 19, 2006, the Court received for filing Hudson's 28 U.S.C. § 2241 petition for writ of habeas corpus. The twenty-seven page petition, accompanied by exhibits, attacks Hudson's 1987 convictions in the District of Columbia. He seemingly accuses others, including a D.C.

---

[1] *See Hudson v. D.C. Court of Appeals*, Civil Action No. UN-01-2267 (D.D.C. 2001); *Hudson v. Pugh*, Civil Action No. 02-2259 (M.D. Pa. 2002); *Hudson v. Williamson*, Civil Action No. 05-2097 (M. D. Pa. 2005); *Hudson v. United States*, Civil Action No. UN-04-1235 (D. D.C. 2004); *Hudson v. United States*, Civil Action No. UN-97-1029 (D. D.C. 1997); *Hudson v. Williamson*, Civil Action No. 05-492 (M.D. Pa. 2005); *Hudson v. Pugh*, Civil Action No. 03-337 (M.D. Pa. 2003); and *Hudson v. Montgomery*, Civil Action No. PCE-98-1846 (N.D. Oh.1998).

Metropolitan Police Department detective, of acting in concert to perpetrate the criminal acts of kidnapping and transporting the victim from Mt. Ranier, Maryland to the District of Columbia. Further, Hudson appears to challenge the arrest warrant, alleging that the official charging document was secured unlawfully under false pretenses. He alleges that he continues to be denied a full and fair evidentiary hearing by the courts and seemingly claims that the provisions for habeas corpus relief under the District of Columbia Code are inadequate and ineffective to test the legality of his detention.

Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where a petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D.Md. 1986). Petitioner currently is confined at the United States Penitentiary in White Deer, Pennsylvania Given these circumstances, this Court has no personal jurisdiction to adjudicate a 28 U.S.C. § 2241

petition.[2]

Because this Court has no personal jurisdiction over the matter, the petition shall be dismissed without prejudice. A separate Order follows.


Date: June 26, 2006                          /s/
                                             Alexander Williams Jr.
                                             United States District Judge

---

[2] Even if this Court had personal jurisdiction to review the case, its subject matter jurisdiction over the matter would be dubious in light of: (i) the caselaw in this circuit for review of § 2241 petitions, *see In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (§ 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration); and (ii) issues of successiveness and timeliness.